UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AARON D. YOUNKER,

    Plaintiff,

v.

CONRAD CURREN,

    Defendant.

Case No. 1:14-cv-106

Beckwith, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On January 30, 2013, Plaintiff Aaron D. Younker initiated this action by filing a *pro se* complaint against Defendant Conrad Curren.  Although the complaint, an application to proceed *in forma pauperis*, and a motion seeking the appointment of counsel were initially filed in the Eastern Division of the United States District Court for the Southern District of Ohio, this case and several related cases, as discussed *infra*, were thereafter transferred to the Western Division of this Court pursuant to S.D Ohio Civ. R. 82.1(c).

    **I.**    **General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); see also 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); see also Hill, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The

2

Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 Fed. Appx. 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)). For the reasons discussed below, Plaintiff has failed to state a viable claim pursuant to 42 U.S.C. §1983.

**II. Attacks on Plaintiff's Underlying 2007 Conviction**

The undersigned takes judicial notice of the fact that, out of the fifteen cases that Plaintiff has filed in this Court to date, ten have involved proceedings that relate to his underlying state court criminal conviction in 2007 for the sexual battery of a 7-year-old child.[1] Initially charged with rape, Plaintiff ultimately entered a no contest plea to an amended charge of sexual battery, a felony of the second degree under Ohio law. He

---

[1] Those cases include: Case Nos. 1:10-cv-875, 2:13-cv-1128, 2:13-cv-1129, 1:14-cv-96, 1:14-cv-106, 1:14-cv-107, 1:14-cv-108, 1:14-cv-109, 1:14-cv-110, and 1:14-cv-111. In addition to those ten lawsuits concerning his conviction, he has filed four separate lawsuits concerning his dissatisfaction with the medical treatment for a hernia provided to him during his incarceration. Last, Plaintiff was denied leave to intervene in a suit originated by other inmates.

was sentenced to seven years' incarceration, but was released on parole in 2013, prior to filing the above-captioned complaint.

Plaintiff began the federal onslaught on his state court conviction with a petition for writ of habeas corpus, filed in this Court after multiple unsuccessful attempts in state court to set aside the same conviction and sentence. *See Younker v. Warden, Chillicothe Correctional Institution*, Case No. 1:10-cv-875. On May 24, 2011, the undersigned magistrate judge filed a Report and Recommendation ("R&R") in Younker's federal habeas corpus case, subsequently adopted by the presiding district judge for the opinion of this Court, which denied that petition with prejudice. The Court determined that then-Petitioner Younker had waived virtually all of his claims for relief due to multiple procedural defaults in the state courts.[2] (Doc. 23). The Court further certified that any appeal would not be taken in good faith, and denied Plaintiff leave to appeal *in forma pauperis*. (*Id.*).

Since the denial of his petition for a writ of habeas corpus, Plaintiff has continued to attack his underlying state court conviction through an additional nine lawsuits filed pursuant to 42 U.S.C. §1983. In those §1983 cases, Plaintiff seeks monetary damages from a multitude of defendants, ranging from investigating police officers, court appointed attorneys, a court transcriptionist, governmental entities, and apparently anyone else who may be connected to the underlying criminal investigation, or to his trial and/or appellate proceedings concerning his conviction.

Plaintiff has proceeded *in forma pauperis* in each of his civil rights cases. Three of his nine lawsuits previously have been dismissed pursuant to initial screening

---

[2]To the extent that one of Younker's habeas claims was asserted under an Ohio statute, it was alternatively denied as not cognizable in a federal habeas proceeding.

4

procedures,[3] without the necessity of the identified Defendants having to file an answer or response. Because the goals of judicial economy are frustrated by Plaintiff's unceasing attempts to attack the same prior conviction through piecemeal attempts to continually file new lawsuits with newly identified Defendants, and because any and all such claims are clearly barred, the undersigned recommends that Plaintiff not be permitted to file any additional civil rights lawsuits that concern his 2007 conviction.

### III. Analysis of §1983 Claims

Two of the recently dismissed lawsuits contain discussion relevant to the recommended dismissal of Plaintiff's still-pending six lawsuits concerning the same conviction. First, in *Younker v. Jerry McHenry*, Case No. 2:13-cv-1129, Plaintiff filed a civil rights complaint against one of his prior criminal defense attorneys, alleging that the defendant did not take depositions or obtain affidavits to properly defend Plaintiff, and failed to present all available evidence during a hearing on a motion to suppress evidence. Plaintiff further charged that his attorney allowed a witness to commit perjury and permitted false evidence to be introduced at the state suppression hearing.

On November 14, 2013, U.S. Magistrate Judge Terence Kemp filed a Report and Recommendation in which he determined that Plaintiff's complaint failed to state a claim under §1983. In analysis that was recently affirmed by U.S. District Judge Gregory Frost, Magistrate Judge Kemp held that a member of the state Public Defender's office cannot be sued under §1983 because he does not act "under color of state law" as required to prove liability under that statute. In addition, the R&R reasoned that any

---

[3]After a magistrate judge recommended dismissal on initial screening of one of Plaintiff's cases, Case No. 2:13-cv-1128, Plaintiff filed a motion to voluntarily dismiss the case without prejudice. U.S. District Judge Frost granted that motion, thereby rendering moot the R&R that recommended dismissal for failure to state a claim.

claims pertaining to the 2007 conviction would be time-barred, since any claim for damages under §1983 must be filed within two years of the date that the claim accrues, which is usually the date on which the allegedly unconstitutional acts occurred. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989).

The second case recently reviewed under the Court's screening authority is *Younker v. Highland County Common Pleas Court*, Case No. 1:14-cv-107. There, Plaintiff's suit alleged that he asked a visiting state court judge to direct his court-appointed attorney to obtain affidavits and take depositions in his defense. He alleged that multiple defendants (judge, prosecutor, and assistant prosecutor) knew of alibi witnesses but that his lawyer refused to contact those witnesses. He alleged that he was denied the right to review a "so-called confession" used as evidence against him, and he sought $2 million in damages for the alleged violations of his constitutional rights that resulted in his 2007 conviction.

On February 6, 2014, Magistrate Judge Litkovitz filed an R&R in Case No. 1:14-cv-107 that recommends dismissal of all claims based upon the absolute and judicial immunity of various defendants, and because the named Ohio Court of Common Please "is not a legal entity capable of being sued in a 42 U.S.C. §1983 action." (Doc. 6). In addition, Judge Litkovitz points out that the §1983 suit is subject to dismissal because "[a] judgment in favor of plaintiff in this action would necessarily imply that [Plaintiff's] state court conviction and resulting imprisonment [were] invalid." *See generally Heck v. Humphrey*, 512 U.S. 477, 487 (1994)(holding that a §1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction will not lie unless the plaintiff has already succeeded in having the conviction or

sentence invalidated); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2006); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995).

The two-year time-bar discussed by U.S. Magistrate Judge Kemp in Case No. 2:13-cv-1129,[4] and the doctrine of *Heck v. Humphrey* recently discussed by U.S. Magistrate Judge Litkovitz in Case No. 1:14-cv-107, both have general applicability and bar all claims in the remainder of Plaintiff's civil rights lawsuits filed in connection with his underlying 2007 state court conviction. Not only has Plaintiff failed to demonstrate that his underlying 2007 conviction has been invalidated by any court, but in fact, both state courts and this Court have rejected Plaintiff's multiple attempts, both on direct appeal and through collateral proceedings, to challenge that conviction. Under the principles of res judicata and collateral estoppel, all claims pertaining to the same alleged wrongdoing or arising out of the same action or occurrence generally should be brought at one time, and not piecemeal. Here, as discussed above, the petition for writ of habeas corpus filed in this Court was denied and not appealed.[5] His conviction is now essentially unassailable, and there is no point in permitting Plaintiff to continue to waste the judicial resources of this Court by filing new lawsuits under 42 U.S.C. §1983 that cannot possibly state a viable claim in connection with that underlying conviction.

This Report and Recommendation intentionally contains identical language to the language in other R&Rs filed this same day in all pending §1983 cases that concern Plaintiff's 2007 conviction, and that are assigned to the undersigned magistrate judge for initial screening. If this and/or the other screening dismissal Report and

---

[4]In addition to the general time-bar and doctrine of *Heck v. Humphrey*, the analysis of Case No. 2:13-cv-1129 is more specifically applicable to Case Nos. 1:14-cv-106 and 1:14-cv-109, to the extent that Plaintiff has also filed suit against prior appointed counsel in those two cases. For the reasons explained in Case No. 2:13-cv-1129, neither defense attorney acted under color of state law for purposes of §1983.
[5]Having reviewed all of the referenced cases, the undersigned further notes that every allegation made in each of the nine §1983 suits was previously recounted in Plaintiff's petition for writ of habeas corpus.

Recommendations are adopted by the presiding district judges assigned to those cases, and Plaintiff continues to file lawsuits with this Court that are subject to dismissal on screening, he may be subject to sanctions under Fed. R. Civ. P. 11 as a vexatious litigator.

IV. **Conclusion and Recommendation**

For the reasons discussed above, **IT IS RECOMMENDED THAT:**

1. Plaintiff's complaint should be DISMISSED with prejudice.

2. Plaintiff should be advised that if this Court adopts this Report and Recommendation and/or other Reports and Recommendations to dismiss Plaintiff's remaining seven pending complaints as frivolous, and plaintiff continues to file lawsuits with this Court that are subject to dismissal on screening, he may be subject to sanctions under Fed. R. Civ. P. 11 as a vexatious litigator;

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

AARON D. YOUNKER,

    Plaintiff,

v.

CONRAD CURREN,

    Defendant.

Case No. 1:14-cv-106

Beckwith, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).